IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| THOMAS GABRIEL CAMACHO § | |
| § | |
| v. § | CIVIL ACTION NO: _____ |
| § | JURY TRIAL |
| NUECES COUNTY, TEXAS; and § | |
| SHERIFF J.C. HOOPER, *in his* § | |
| *Official Capacity* § | |
| JOHN/JANE DOE #1, *Individually* § | |
| JOHN/JANE DOE #2, *Individually* § | |
| JOHN/JANE DOE #3, *Individually* § | |
| JOHN/JANE DOE #4, *Individually* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**NOW COMES** Thomas Camacho (hereinafter "Plaintiff"), by and through his attorney or record, filing this, his *Plaintiff's Original Complaint*, and bringing this action against Nueces County, Texas, and Sheriff J.C. Hooper (hereinafter "Defendants"), *et al*, as said Defendants have denied Plaintiff's rights guaranteed by the Constitution and laws of the United States of America and the State of Texas, and for cause of action, showing unto this Court as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1343 (3) (civil rights). This Court also has supplemental jurisdiction pursuant to 28 USC § 1331 (federal question) and 28 U.S.C. §1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Corpus Christi Division, as this is the district where the claim arose in accordance with 28 U.S.C. §1391(b).

## PARTIES

2. Plaintiff THOMAS GABRIEL CAMACHO (hereinafter "*Mr. Camacho*"), is a resident of Corpus Christi, Texas.

3. Defendant Nueces County, Texas (hereinafter "*Defendant Nueces County*" or "*Defendant County*"), is a political subdivision of the State of Texas and can be served with summons upon County Judge, Barbara Canales, at the Nueces County Courthouse, located at 901 Leopard Street, Corpus Christi, Texas 78401.

4. Defendant J.C. Hooper is the Sheriff of Nueces County, Texas (hereinafter "*Defendant Hooper*" or "*Defendant Sheriff*"), and can be served with summons at the Nueces County Sheriff's Department, located at 901 Leopard Street, Corpus Christi, Texas. 78401.

5. Defendant John/Jane Doe #1 was, at all times material to this suit, an officer employed by the NUECES COUNTY SHERIFF'S DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law and during his/her employment with the NUECES COUNTY SHERIFF'S DEPARTMENT. Once identification is made as to the name of the Defendant, Defendant can be served with summons at Defendant's place of employment, NUECES COUNTY SHERIFF'S DEPARTMENT, at 901 Leopard Street, Corpus Christi, Texas 78401.

6. Defendant John/Jane Doe #2 was, at all times material to this suit, an officer employed by the NUECES COUNTY SHERIFF'S DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law and during his/her employment with the NUECES COUNTY SHERIFF'S DEPARTMENT. Once identification is made as to the name of the Defendant, Defendant can be served with summons at Defendant's place of employment, NUECES COUNTY SHERIFF'S DEPARTMENT, at 901 Leopard Street,

Corpus Christi, Texas 78401.

7. Defendant John/Jane Doe #3 was, at all times material to this suit, an officer employed by the NUECES COUNTY SHERIFF'S DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law and during his/her employment with the NUECES COUNTY SHERIFF'S DEPARTMENT. Once identification is made as to the name of the Defendant, Defendant can be served with summons at Defendant's place of employment, NUECES COUNTY SHERIFF'S DEPARTMENT, at 901 Leopard Street, Corpus Christi, Texas 78401.

8. Defendant John/Jane Doe #4 was, at all times material to this suit, an officer employed by the NUECES COUNTY SHERIFF'S DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law and during his/her employment with the NUECES COUNTY SHERIFF'S DEPARTMENT. Once identification is made as to the name of the Defendant, Defendant can be served with summons at Defendant's place of employment, NUECES COUNTY SHERIFF'S DEPARTMENT, at 901 Leopard Street, Corpus Christi, Texas 78401.

**FACTS**

9. On or about January 25, 2020, while in custody of Defendant County and Defendant Sheriff at the Nueces County Jail, Mr. Camacho was mistakenly placed in a colored smock associated with psychiatric prisoners. Instead of being segregated, he was placed with other psychiatric prisoners at which time one unidentified prisoner assaulted him severely, causing multiple documented injuries that required extended hospitalization. In addition, Mr. Camacho was defenseless during the assault because he had a renal ailment requiring dialysis every other day. Psychiatric prisoners must be monitored, but were not during this incident, so there was no intervention by

staff until after Mr. Camacho had received multiple severe injuries. John/Jane Doe #1 improperly designated Mr. Camacho as a psychiatric prisoner, placing him in a colored smock. John/Jane Doe #2, a supervisor, after interviewing Mr. Camacho, also made the determination to place him into a psychiatric cell even though Mr. Camacho told him repeatedly he just wanted to clean himself because he had not taken a shower in seven to nine days. The supervisor abruptly ended the interview and sent him to the psychiatric cell with other psychiatric prisoners. Both #1 and #2, officer and supervisor, placed Mr. Camacho into the cell with other psychiatric prisoners, creating a dangerous situation, violating state regulations and/or displaying a lack of proper care and custody of a medically at-risk prisoner, further exacerbated by the lack or disregard of proper departmental procedures. Mr. Camacho was seen by a nurse, John/Jane Doe #3, who negligently failed to protect Mr. Camacho. John/Jane Doe #4, a corrections officer, failed to properly protect Mr. Camacho by leaving the area, at which time Mr. Camacho sustained injuries by a designated psychiatric prisoner. As a result of the above-described actions/inactions, Mr. Camacho sustained numerous injuries and is still hospitalized.

10. Plaintiff is informed and believes, and thereupon alleges that in committing said acts and/or omission, the individual Defendants were the agents and employees of Defendant County and Defendant Sheriff and were acting within such agency and employment, as well as under color of state law.

11. The acts or omissions of the individual Defendants caused Mr. Camacho to sustain his severe injuries while in the care and custody of the Defendant County and Defendant Sheriff while in the Nueces County Jail. Their actions or inactions were unreasonable as no reasonable correction officer and/or jail nurse and/or employee, given the same or similar circumstances, would have negligently placed Mr. Camacho in such circumstances.

12. Defendant County and Defendant Sheriff's failure to train or supervise amounted to a gross negligence and/or to deliberate indifference. Said negligence amounted to a continuing pattern and practice of lack of training and/or negligent training and/or supervision.

13. Furthermore, upon information and belief, Plaintiff contends that each of the aforementioned individual Defendants acted with deliberate indifference to Mr. Camacho's serious medical needs and the dangerous situation in which he was placed. Each individual defendant subjectively intended that the harm to Mr. Camacho occur. Each individual defendant was aware that Mr. Camacho suffered with medical conditions and was medically impaired. The individual defendants are presumed to be medically trained to recognize physical distress, mental illness/impairment and should have recognized the clear and obvious signs exhibited by Mr. Camacho and the psychiatric inmate(s). As the result of the Defendants' actions or inactions, Mr. Camacho is now seriously injured.

14. At all pertinent times, Defendant County and Defendant Sheriff and/or the Nueces County Jail authorized and/or ratified the wrongful and tortious acts and/or omissions described herein.

## FIRST CLAIM FOR RELIEFT -- §1983

15. The Civil Rights of 1871, now codified as 42 U.S.C. §1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. §1983.

16. The state action requirement for standing under 42 U.S.C. §1983 has more commonly been referred to as "color of state law," from the statute itself. Plaintiff is informed and believes, and

thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

17. 42 U.S.C. §1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States. As such, Plaintiff alleges that Defendants, jointly and/or severally deprived Mr. Camacho (and/or them) of his Fourth and/or Fourteenth (both as to applicability to States and based on substantive due process) Amendment rights and those rights, privileges, and immunities secured by the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendants violated this provision by the following actions and/or omissions:

   a) by violating his rights as a prisoner when Mr. Camacho was placed in a dangerous situation with a psychiatric inmate(s)

   b) in creating a danger, which otherwise would not have existed, but for the conduct of Defendants, and which made more likely the opportunity of harm to occur to Mr. Camacho;

   c) by failing to intervene, where such intervention would have prevented the violations and/or injuries of Mr. Camacho;

   d) by failing to intervene, where such intervention would have prevented the violations and/or injuries of Mr. Camacho;

   e) by ignoring Mr. Camacho's serious medical needs.

18. Defendants' actions and/or omissions were "objectively unreasonable" in light of the facts and circumstances confronting them without regard to their underlying intent or motivation. Clearly, careful attention to the facts and circumstances of this particular case demonstrates the

unreasonableness of Defendants' actions. In light of the facts surrounding this case, it is initially absurd that Defendants would deem placing Mr. Camacho in an unsafe condition was warranted. Furthermore, Mr. Camacho had medical conditions rendering him defenseless. For these and other reasons, it was objectively unreasonable for Defendants to place Mr. Camacho in such a situation.

19. Plaintiff pleads that Defendants unreasonably acted when they placed Mr. Camacho in a dangerous situation in violation of the Fourth Amendment and its "reasonableness" standard. Plaintiff therefore pleads that Mr. Camacho was unlawfully treated by individual Defendants. Said actions resulted directly and only from the unreasonable actions or inactions towards Mr. Camacho, which was objectively unreasonable.

20. Under §1983, Defendant County and Defendant Sheriff is also liable for failing to supervise and/or failing to train, and/or acquiescence in unconstitutional behavior by subordinates. First, Defendant County and Defendant Sheriff failed to properly train and failed to properly supervise its officers. Defendant County and Defendant Sheriff is liable under §1983, as there is a causal connection between its actions and/or omissions and the alleged constitutional violations, as outlined throughout this entire pleading. In addition, Defendant County and Defendant Sheriff did not discipline the individual Defendants for their conduct, thereby sanctioning their actions, amounting to a departmental policy that violated Mr. Camacho's civil rights. Defendant County and Defendant Sheriff's failure to supervise or train amounted to gross negligence and/or deliberate indifference.

21. It is also well-established that municipalities/ entities are liable under 42 U.S.C. §1983 for constitutional torts that are in-compliance-with their customs, practices, policies or procedures. A municipality is liable for constitutional deprivations visited pursuant to governmental custom

even though such custom has not received formal approval through the body's official decision-making channels. In this case, Defendant County and Defendant Sheriff is liable because it sanctioned the custom, practice and/or policy or procedures of, *inter alia*, 1) not properly protecting prisoners by screening them appropriately 2), not properly taking into consideration prisoner's medical condition 3) ignoring the serious need for training and supervision of their officers in regards to safety of prisoners, 4) failing to discipline those persons whom are found to have engaged in actions or inactions leading to dangerous conditions for those entrusted to their care and/or under their control, 5) failing to adequately supervise and/or observe their employees and/or officers including reservist, 6) failing to provide adequate training in regard to the availability of alternative practices and procedures not placing the prisoner at risk, and 7) failing to impose proper and sufficient policies and/or procedures as to the classification and designation of prisoners and/or the treatment of the mentally ill and/or their requiring of medical attention. Such policy and/or customs were the "moving force" behind the constitutional violation exacted upon Mr. Camacho and was the "cause in fact" of his injuries.

22. The actions and/or inaction taken in this case was uncalled for and taken pursuant to the customary practices and/or policies or procedures that were sanctioned by all named entity Defendants. Liability for Defendant County and Defendant Sheriff is established under §1983 because the "turn a blind eye" approach to the dangerous condition for prisoners is a persistent, widespread practice of the Nueces County Jail employees– namely correction officers– that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official policy. Defendant County and Defendant Sheriff had actual or constructive knowledge of each practice, custom, and/or policy or procedure and numerous prior incidents of such conduct and/or inaction as to establish accession

to that custom by the policy makers. Defendant County and Defendant Sheriff's unspoken policies above reflect a decision that shows deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. In the alternative, Defendant County and Defendant Sheriff is liable under §1983 for failing to adopt clear policies outlining the criteria for determining the need for, the availability of and/or the means by which to use force.

23. Moreover, Defendant County and Defendant Sheriff is liable for the inadequate training of their officers under §1983. Liability attaches to Defendant County and Defendant Sheriff because its failure to train amounts to deliberate indifference to the rights of the persons with whom officers come in contact.

24. Plaintiffs further allege that Defendants, jointly and/or severally, have violated Mr. Camacho's Fourth Amendment rights when he was unreasonably and unlawfully placed with psychiatric patients

25. The actions and/or inactions taken in this case were taken pursuant to the customary practices and/or policies or procedures that were sanctioned by Defendant County and Defendant Sheriff. Liability for Defendant County and Defendant Sheriff is established under §1983 because its "ignore all policies" attitude is a persistent, widespread practice of the county employees – namely deputies/officers – that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official policy. Defendant County and Defendant Sheriff had actual or constructive knowledge of each practice, custom, and/or policy or procedure and numerous prior incidents of such conduct and/or inaction as to establish accession to that custom by the policy makers. Defendant County and Defendant Sheriff's unspoken policies above is a decision that reflects deliberate indifference to the risk that

a violation of a particular constitutional or statutory right will follow the decision. In the alternative, Defendant County and Defendant Sheriff is liable under §1983 for failing to adopt clear policies outlining the criteria for determining, relaying and/or treating the medical (mental and otherwise) needs of inmates/detainees/arrestees.

26. Moreover, Defendant County and Defendant Sheriff is liable for the inadequate training of its deputies/officers under §1983. Liability attaches to Defendant County and Defendant Sheriff because its failure to train amounts to deliberate indifference to the rights of the persons with whom they come in contact.

## DAMAGES

26. As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiff has been caused to suffer general damages which include, but are not limited to, the following: both physical and emotional injury, pain and suffering, and emotional and mental distress, and shock, along with severe emotional distress, associated with his serious medical injuries

27. Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, a prevailing party in a §1983 case is entitled to recover its attorney's fees. Hence, Plaintiffs further pray for all costs and attorney fees associated with bringing the present case to trial.

28. In addition, Plaintiff prays for punitive damages against all individual defendants named herein. Punitive damages are designed to punish and deter persons such as Individual Defendants who have engaged in egregious wrongdoing. Punitive damages may be assessed under §1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that upon trial upon the merits,

Plaintiff recovers compensatory damages against Defendants, jointly and severally; that Plaintiff also recovers punitive damages against Individual Defendants in an amount to punish and/or deter and to make an example of those Defendants in order to prevent similar future conduct; and that Plaintiff recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Plaintiff prays for all prejudgment and post-judgment interest that can be assessed against the Defendants in the event of recovery; and that Plaintiff recover against each Defendant any and all other general or specific relief to which they prove themselves justly entitled.

Respectfully submitted,

**LAW OFFICE OF SANDRA EASTWOOD**
**3636 S. Alameda, Suite B197**
**Corpus Christi, Texas 78411**
Telephone: (361) 688-4900
Telecopier: (361) 271-1310

By: */s/ Sandra Eastwood*
**Sandra Eastwood**
Texas Bar No. 00789274
 sandraeastwoodlaw@yahoo.com
*Attorney-in-Charge for Plaintiff*

**Demand for Jury Trial**

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).